EASTERN DIS.
March, 1833.

M'LEARN
vs.
PETTIT.

If prescription be first pleaded in the Supreme Court, and the plea must be sustained on the pleadings and facts appearing on the record, the court will remand the cause, to afford an opportunity in the inferior court, to disprove the facts on which the plea is based.

Code. Now had the prescription relied on in this court, been pleaded in the court below, and no evidence been adduced to show that it had been interrupted, or the right acquired under it released by the defendant, we are of opinion that judgment ought to have been rendered in his favor. Not having been there pleaded, the plaintiff had no opportunity to show any circumstances, which might have taken his case from the government of the article of the Code, here relied on. The answer, as has already been stated, amounts virtually to a plea of performance, which is not so inconsistent with a plea of prescription, that both may not be used in the same action.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided, reversed and annulled, and that the cause be remanded, together with the plea of prescription pleaded in this court. The case to be tried *de novo.* The appellee to pay costs of appeal.

---

## M'LEARN vs. PETTIT.

### APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Where ninety-three days had elapsed from the issuing of a commission to Matamoras, under which no testimony had been obtained, and no diligence was shown to have been used in endeavoring to obtain it, the party was properly ruled to trial by the jugde *a quo.*

The facts are stated in the opinion of the court pronounced by PORTER, J.

This action is brought to recover from the owner of a vessel the amount of supplies of different kinds furnished for her. The schooner was sequestered, but afterwards released on the defendant giving bond.

Eastern Dis.
*March,* 1833.

A question is presented on the record in relation to the legality of an affidavit offered by the defendant, in order to obtain a commission to take testimony in Matamoras, which we do not find it necessary to decide, for it appears that he afterwards did obtain a commission, and that ninety-three days elapsed between the period of granting the same, and the day of trial. It does not appear that any testimony was obtained on it, nor did he show that he had used any diligence to procure the evidence. The court, therefore, did not err in ruling him to trial.

Where 93 days had elapsed from the issuing of a commission to Matamoras, under which no testimony had been obtained, and no diligence was shown to have been used in endeavoring to obtain it, the party was properly ruled to trial by the judge *a quo.*

On the merits, the case is fully proved; and it is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.